IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODERICK LEE**, | ) | |
| **Plaintiff,** | ) | |
| | ) | **C.A. No. 19-353 Erie** |
| | ) | |
| v. | ) | **District Judge Susan Paradise Baxter** |
| | ) | **Magistrate Judge Richard A. Lanzillo** |
| **M. CLARK, et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM ORDER

Plaintiff Roderick Lee, an inmate formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), initiated this *pro se* civil rights action against the following staff members at SCI-Albion: Superintendent M. Clark ("Clark"); Unit PSS Ms. Hermit ("Hermit"); Security Staff Lieutenant Skinner ("Skinner"); and two unnamed corrections officers identified as "John/Jane Doe." This matter was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. The case was subsequently reassigned to the undersigned, as presiding judge, on December 14, 2020, with Judge Lanzillo remaining as the referred Magistrate Judge for all pretrial proceedings.

In his *pro se* complaint, Plaintiff alleges Eighth Amendment claims of excessive force, deliberate indifference to serious medical needs, and failure to protect; a First Amendment claim of denial of access to the courts; and a claim of retaliation for filing grievances. On March 5, 2020, Defendants filed a motion to dismiss [ECF No. 18], arguing that Plaintiff's complaint fails to state a claim upon which relief can be granted.

On December 14, 2020, Magistrate Judge Lanzillo issued a report and recommendation ("R&R") [ECF No. 34] recommending that Defendants' motion to dismiss [ECF No. 18] be granted, such that all claims against Defendants Skinner and Clark, as well as Plaintiff's access to courts and excessive force claims against all Defendants, should be dismissed with prejudice, while the following claims should be dismissed without prejudice and with leave to amend:

1. A claim that Defendant Hermit failed to protect Plaintiff from excessive force during the alleged attack on January 3, 2019;

2. A claim against Defendant Hermit for deliberate indifference to Plaintiff's risk of self-harm or suicide;

3. A claim of deliberate indifference to a serious medical need, but only if Plaintiff can identify who treated, or failed to treat him, after the alleged attack on January 3, 2019; and,

4. A claim of retaliation, but only if Plaintiff can identify the person or persons who participated in issuing him a misconduct or used the threat of one to deter him from exercising his constitutional rights.

Plaintiff filed timely objections to the R&R on January 4, 2021 [ECF No. 35]; however, the objections merely reiterate arguments previously raised in Plaintiff's brief in opposition to Defendants' motion to dismiss, which were fully addressed by the Magistrate Judge.

Thus, after de novo review of the complaint, Defendants' motion to dismiss, and Plaintiff's opposition thereto, together with the report and recommendation filed in this case and objections thereto, the following order is entered:

AND NOW, this 18th: day of February, 2020;

IT IS HEREBY ORDERED that Defendants' motion to dismiss [ECF No. 18] is GRANTED, such that all of Plaintiff's claims against Defendants Skinner and Clark, along with his access to courts and excessive force claims against all Defendants, are DISMISSED, with

prejudice, while the following claims are DISMISSED without prejudice to Plaintiff's right to file an amended complaint as to the following claims:

1. A claim that Defendant Hermit failed to protect Plaintiff from excessive force during the alleged attack on January 3, 2019;

2. A claim against Defendant Hermit for deliberate indifference to Plaintiff's risk of self-harm or suicide;

3. A claim of deliberate indifference to a serious medical need, but only if Plaintiff can identify who treated, or failed to treat him, after the alleged attack on January 3, 2019; and,

4. A claim of retaliation, but only if Plaintiff can identify the person or persons who participated in issuing him a misconduct or used the threat of one to deter him from exercising his constitutional rights.

Such amendment shall (1) differentiate Plaintiff's claims among the remaining Defendants (excluding Defendants Skinner and Clark); (2) provide a short and plain statement of the facts in accordance with Rule 8 of the Federal Rules of Civil Procedure; and (3) identify what each Defendant did or did not do and when. This amendment shall be filed within thirty (30) days of the date of this Order.

     IT IS FURTHER ORDERED that Plaintiff is granted leave to serve written discovery upon counsel for the named Defendants to identify the unnamed Doe Defendants. Once Defendants respond to Plaintiff's discovery requests by identifying the Doe Defendants, Defendants shall file a notice with the Court confirming the same and Plaintiff shall have thirty (30) days from the date of Defendants' discovery response to file an amended complaint in accordance with the above requirements. In the event Plaintiff fails to file an amended complaint within such time, this case will be dismissed in its entirety, with prejudice. The report and recommendation of Magistrate Judge Lanzillo, issued December 14, 2020 [ECF No. 34], is

adopted as the opinion of the Court.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Richard A. Lanzillo
United States Magistrate Judge